RECEIVED
IN LAKE CHARLES, LA

AUG 10 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNDERGROUND SOLUTIONS, INC.** | : | **DOCKET NO. 2:08-cv-1885** |
| **VS.** | | **MAGISTRATE JUDGE KAY** |
| **CAD-SON CONSTRUCTION, LLC** | : | |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment filed by plaintiff Underground Solutions, Inc. Doc. 21. Underground Solutions seeks judgment in its favor on all its claims. Pursuant to the reasoning herein, plaintiff's Motion [doc. 21] must be denied.

### Background

Plaintiff Underground Solutions filed suit against Cad-Son Construction, LLC ("Cad-Son") on December 3, 2008. The subject of the suit is payment on a purchase order contract between the parties entered into on July 16, 2007. Doc. 1-1. Specifically, Michael K. Shay, president of Cad-Son executed a purchase order for 24,100 linear feet of sewer pipe, at a price of $206,331.00.[1] *Id.*; Doc. 21-5 (Purchase Order Agreement). According to the terms of the purchase order, defendant was to pay 95% of the purchase price within 30 days after delivery of the pipe, and the remaining 5% was to be paid upon completion of the project, not to exceed 60 days after delivery. Doc. 21-5 (Purchase Order Agreement); Doc. 21-6 (Affidavit of Raj Patel, Chief Financial Officer, Underground Solutions).

Neither plaintiff nor defendant dispute the terms of the written purchase order agreement. Instead, defendant argues that the payment terms of the purchase order were modified by a subsequent oral agreement between Michael Shay and Dan Huffaker, the sales contact for

---

[1] Including sales tax, the amount is $224,900.79. Doc. 21-6; Doc. 25-1, at 2.

Underground Solutions. Doc. 25-1, at 2. In support, defendant submits the deposition of Michael Shay, in which he avers that Dan Huffaker orally agreed that defendant Cad-Son would make payments to plaintiff Underground Solutions as it received payments for the installation of the sewer pipe from a third party, the Calcasieu Parish Police Jury (the "Police Jury"). Doc. 25-6, at 12-13 (Deposition of Michael Shay, President of Cad-Son).

The amount that has actually been paid plaintiff Underground Solutions is disputed. However, it is undisputed that defendant has made some payments to plaintiff. Doc. 21-6; Doc. 25-6. It is further undisputed that the Police Jury paid to defendant through June 2008 approximately $1,100,000.00 of the approximately $1,600,000.00 owed it. Doc. 25-6, at 11. Defendant asserts that no additional payments are now due because no additional payments have been made by the Police Jury. Doc. 25-1, at 4.

Plaintiff argues that the terms of the written contract withstand any oral argument. Plaintiff asks this court to enter judgment in its favor as a matter of law, finding that it is owed $176,701.86 in principal and interest, as well as attorney's fees and costs per the terms of the purchase order. Doc. 21-4. Defendant argues that summary judgment is not appropriate because a question of fact exists as to whether the terms of the purchase order were modified through the subsequent oral agreement between Michael Shay and Dan Huffaker. Thus, defendant argues that the amount of interest due is in dispute. Defendant also contests the payments made to plaintiff and thus the amount of principal owed. Doc. 25.

## **Standard of Review**

According to Fed. R. Civ. P. 56, summary judgment should be granted when the movant demonstrates that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. It is the movant's initial burden to inform the court of the basis for its motion and

to identify those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). Once a proper motion has been made, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2553-54, 91 L. Ed. 2d 265). When a case is presented for judgment as a matter of law, courts must view the facts and draw reasonable inferences "'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774-75, 167 L. Ed. 2d 686 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (*per curiam*)).

## **Discussion**

Plaintiff's primary argument is that the purchase order agreement entered into by the parties withstands a subsequent oral agreement as a matter of law. Plaintiff cites a portion of the contract entitled "Terms and Conditions of Sale," which specifically disclaims any prior oral agreements or negotiations, and states that post-agreement changes must be made by a written document. Doc. 26-1, at 2 (citing Doc. 21-5, at 4, ¶¶ 1, 2, 14 (Terms and Conditions of Sale)).

Plaintiff also cites the Louisiana Civil Code and argues that defendant attempts to vary the terms of the contract in abrogation of the parole evidence rule. *Id.* (citing La. Civ. Code art. 1848). Plaintiff cites the case, *Peterson v. Schimek*, 729 So.2d 1024 (La. 1999), for the proposition that a court is prohibited from taking parole evidence to explain or contradict the meaning of a contract where the words are clear, explicit, and do not lead to absurd consequences. *Id.*

According to the Louisiana Civil Code, article 1848: "Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove . . . that the written act was modified by a subsequent and valid oral agreement."

Defendant does not argue that the terms of the original contract are not clear and explicit. Instead, defendant argues that plaintiff, through its sales representative, Dan Huffaker, entered into an oral agreement with defendant's president, Michael Shay. Defendant argues that this oral agreement occurred subsequent to the ratification of the written agreement and modified the payment terms of the written agreement to allow defendant to pay plaintiff as defendant received funds from the Police Jury. Doc. 25-1, at 3-4.

Defendant cites *Cajun Constructors, Inc. v. Fleming Construction Co., Inc.*, 951 So.2d 208 (La. App. 1st Cir. 2006), *writ denied*, 954 So. 2d 146 (La. 2007) for the rule of law that "written contracts for construction may be modified by oral contracts and by the conduct of the parties, and this is true even when the written contract contains the provision that an owner is liable only if the change orders are in writing. It is a question of fact, therefore, as to whether there were oral agreements that modified the written contract." (quoting *Pelican Electrical Contractors v. Neumeyer*, 419 So.2d 1, 5 (La. App. 4 Cir. 1982)). A party asserting such modification must prove it by a preponderance of the evidence. *Cajun Constructors*, 951 So.2d at 214; La. Civil Code, art. 1831.

As noted, the sole evidence before the court on the issue of whether the parties modified the contract between them through a subsequent oral agreement is the deposition testimony of Cad-Son president, Michael Shay. Plaintiff argues that the law does not allow such a subsequent agreement, but the court finds that the statutory construction discussed above, the *Cajun*

4

*Contractors* case, and other cases not cited by the parties, *see e.g. Anzalone v. Gregory*, 334 So.2d 504, 506 (La. 1976); *Construction Testing Labs v. Wal-Mart*, 2009 WL 2214678 (W.D. La. 2009), support defendant's position that a contract may be subsequently modified by oral agreement, even where a provision of the contract states otherwise.

Viewing Michael Shay's unrebutted deposition testimony that the contract was so amended in a light most favorable to the non-moving party, Cad-Son, the court finds that summary judgment is not appropriate and that it therefore cannot award judgment as a matter of law in favor of plaintiff.[2]

## Conclusion

For the reasons stated herein, the Motion for Summary Judgment filed by plaintiff Underground Solutions [doc. 21] is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 7th day of August, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Because plaintiff is not entitled to judgment as a matter of law at this stage, the other issues raised in plaintiff's motion and defendant's response—whether the interest charged defendant is usurious, the exact amount owed plaintiff by defendant, and the amount of attorney's fees (if any) to be awarded—need not be addressed at this stage of the proceedings.