RECEIVED
IN LAKE CHARLES, LA.
OCT 26 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNDERGROUND SOLUTIONS, INC. | : | DOCKET NO. 2:08-cv-1885 |
| VS. | : | MAGISTRATE JUDGE KAY |
| CAD-SON CONSTRUCTION, L.L.C. | : | |

### MEMORANDUM RULING

Currently before the court is plaintiff's Motion to Tax Attorney's Fees. Doc. 39. Plaintiff Underground Solutions, Inc., seeks to recover attorney's fees and costs associated with the prosecution of this lawsuit which concluded with a compromise judgment in favor of plaintiff. *See* doc. 38. Specifically, plaintiff states that the contract which gave rise to the lawsuit provided for plaintiff's recovery of litigation expenses and reasonable attorneys' fees where necessary to enforce plaintiff's rights under the contract. For the reasons stated herein, plaintiff's Motion to Tax Attorney's Fees is GRANTED IN PART and DENIED IN PART.

### *Background*

On December 3, 2008, plaintiff filed the underlying lawsuit against defendant, complaining of breach of contract. Doc. 1. Plaintiff claimed that it had entered into a contract with defendant on July 16, 2007 whereby plaintiff would sell defendant 24,100 linear feet of sewer pipe at a price of $224,900.79. *Id.* at 2. Plaintiff alleged that defendant only paid $84,149.14 of the amount owed and therefore sought relief in the form of past due payments, costs and attorney's fees, and interest. *Id.* at 3-4.

1

Ultimately the parties agreed to the amount owed and on September 11, 2009, the court signed a consent judgment in favor of plaintiff. Doc. 38. The judgment stated that plaintiff "will submit a Motion to Tax Attorney's Fees and Costs within ten days of the signing of this judgment, as provided in F. Rule Civ. P. Rule 54." *Id.*

Plaintiff filed its Motion to Tax Attorney's Fees on September 21, 2009. Doc. 39. On October 6, 2009, defendant filed a memorandum in opposition to plaintiff's motion. Doc. 41. Defendant does not argue that plaintiff is not entitled to reasonable attorney's fees; defendant, however, argues that the attorney fees submitted by plaintiff's counsel are unreasonable.

## *Analysis*

In plaintiff's Motion, plaintiff included Exhibit A, the Purchase Order that created the contract giving rise to this suit. Doc. 39, Att. 3. The purchase order states that "[t]his Proposal is subject to the Terms and Conditions of Sale which are included with, and form an integral part of, this Proposal. The attached Terms and Conditions of Sale will govern the terms of any transaction resulting from this Proposal." *Id.* at 3. Term number 12 says: "In the event it becomes necessary to incur any expense for collection of any overdue account, reasonable collection charges, including reasonable attorneys' fees, will be added to the balance due and Buyer shall pay all such changes." *Id.* at 4.

Plaintiff's counsel included with plaintiff's motion a declaration setting forth the amount of plaintiff's attorney's fees and costs associated with this suit. Doc. 39, Att. 4. He states that he worked a total of 57.7 hours in the instant litigation at an hourly rate of $220 per hour, with the total equaling $12,694. He further declares that plaintiff's costs and litigation expenses were $1,124.44. Doc. 39.

Defendant argues that the fees are unreasonable in two respects. Doc. 41. Firstly, defendant argues that plaintiff's counsel billed three and a half hours of work for work that a paralegal or legal assistant should have performed. *Id.* at 2-3. Secondly, defendant argues that plaintiff's counsel billed approximately two and a half hours too much for the amount of time it took to travel from his office in New Orleans to defense counsel's office in Lake Charles to take a deposition. *Id.* at 3.

Regarding the three and a half hours that defendant says plaintiff's counsel should have delegated to an employee with a lower hourly rate, defendant cites eight different items that plaintiff's counsel billed. These items are:

| | | | | |
|---|---|---|---|---|
| 1. | 11/12/2008 | .50 | $110.00 | Run conflicts and analyze Cad-Son Construction |
| 2. | 11/12/2008 | .20 | $44.00 | Draft engagement letter |
| 3. | 12/3/2008 | 1.00 | $220.00 | Edit Complaint w/material from client. File complaint and cover sheet at WDLA |
| 4. | 12/3/2008 | 1.00 | $220.00 | Draft cover sheet and file complaint in WDLA. Request summons. |
| 5. | 12/3/2008 | .20 | $44.00 | Email client with copy of pleadings |
| 6. | 3/30/09 | .20 | $44.00 | TC: Counsel for plaintiff re: depo dates. Status to client |
| 7. | 4/17/2009 | .30 | $66.00 | Corr to Cad Son counsel re: we will not waive interest and attorney fees |
| 8. | 7/10/2009 | .10 | $22.00 | Corr to client re: reply |

3

*Id.* However, defendant does not offer analysis or support, simply concluded that these "are clearly duties of [a] paralegal or legal assistant." *Id.* at 2. The court, therefore, has no basis to find that, as a matter of law, plaintiff's counsel charged unreasonable fees for these tasks. It is not facially unreasonable for an attorney to perform any of these tasks.

As to reasonableness of the fees charges for plaintiff counsel's travel from New Orleans to Lake Charles, the court finds that defendant's argument has some merit. Defendant states that plaintiff's counsel billed 9.2 hours for travel between Lake Charles and Louisiana, which defendant argues is two and a half hours more than the time it should have taken. *Id.* at 3-4. Defendant states that the travel time should have been six hours and thirty-four minutes, based on a computer generated estimate which defendant attached to its memorandum as Exhibit A. *See id.*; *See also, id.*, Att. 1. Ostensibly, defendant has determined that plaintiff's counsel billed 9.2 hours for travel, by adding the following items from plaintiff's counsel's declaration

| | | | |
|---|---|---|---|
| 5/4/2009 | 3.0 | $660 | Travel to Lafayette, LA in prep for depo tomorrow. |
| 5/6/2009 | 8.0 | $1760.00 | Travel from Lafayette to Lake Charles. (2.0) Take Deposition . . . (1.8) Return to New Orleans. (5.0) |

*See* doc. 39, Att. 4, p. 4. Apparently, defendant added the total time billed in these items, eleven hours, and subtracted the time for the deposition, 1.8 hours, to arrive at a total travel time of 9.2 hours.

The court notes that plaintiff's counsel has not explained the reason for the amount of travel time. The court does not adopt defendant's exhibit as a matter of law, but does take judicial notice that 9.2 hours, without any explanation, is an unreasonable amount of time for travel back and forth from New Orleans to Lake Charles. *See United States v. Thornton*, 160

4

U.S. 654, 659, 16 S. Ct. 415, 40 L. Ed. 570 (1895) (court can take judicial notice of travel time). Therefore, the court will decrease the amount of attorney's fees requested by plaintiff's counsel by two hours, at $220 per hour, for a total decrease of four hundred and forty dollars ($440.00). This adjustment still allows plaintiff to collect 7.2 hours worth of attorney's fees for plaintiff counsel's travel from New Orleans to Lake Charles, which the court finds is reasonable.

Accordingly, for the foregoing reasons, plaintiff's Motion to Tax Attorney's Fees is GRANTED IN PART and DENIED IN PART. Specifically, the court awards to plaintiff attorney's fees in the amount of $220.00 per hour for 55.7 hours, totaling $12,254.00 and litigation expenses in the amount of $1,124.44.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of October, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE